**WAL–MART STORES, INC., et al. Plaintiffs–Appellants,**

v.

**VISA U.S.A., INC. Defendant–Appellee.**

**No. 04–3528–CV.**

United States Court of Appeals, Second Circuit.

May 6, 2005.

Jeffrey I. Shinder (Robert L. Begleiter, Matthew L. Cantor, Lloyd Constantine, Stacey Anne Mahoney, Michelle A. Peters, Amy N. Roth, Gordon Schnell, on the brief), Constantine & Partners, New York, NY, for Appellant.

Brian P. Brosnahan, Heller Ehrman White & McAuliffe LLP (M. Laurence Popofsky, Stephen V. Bomse, Heller Ehrman White & McAuliffe LLP, San Francisco, CA; Jonathan R. Dowell, Heller Ehrman White & McAuliffe LLP, New York, NY; Philip H. Curtis, Robert C. Mason, Arnold & Porter LLP, New York, NY, on the brief), for Appellee.

Present: SOTOMAYOR, B.D. PARKER, and HALL, Circuit Judges.

Appellants-plaintiffs appeal from an order entered on May 19, 2004, in the United States District Court for the Eastern District of New York, adopting the Report and Recommendation of Special Master Robin M. Wilcox, which advised the district court to find that the refusal of Visa U.S.A., Inc. ("Visa") to prohibit its member financial institutions ("members" or "acquirers") from charging merchants for Bank Identification Number ("BIN") data was not a violation of Visa's June 4, 2003 Settlement Agreement ("Settlement Agreement") with plaintiffs. We assume familiarity by the parties with the facts and procedural history of the case.

This Court has recognized that settlement agreements are contracts that must be interpreted "according to general principles of contract law." *Red Ball Interior Demolition Corp. v. Palmadessa,* 173 F.3d 481, 484 (2d Cir.1999). We have stated that when interpreting an unambiguous contract, "words and phrases used by the parties must, as in all cases involving contract interpretation, be given their plain meaning," *Krumme v. WestPoint Stevens Inc.,* 238 F.3d 133, 140 (2d Cir.2000) (internal quotation marks and citation omitted), and that "we are not free to alter the plain terms of an agreement." *Shaw Group Inc. v. Triplefine Int'l. Corp.,* 322 F.3d 115, 124 (2d Cir.2003).

Paragraph 7(c) of the Settlement Agreement states that "Visa shall require its acquirers to make available to merchants, upon merchants' request and in any form they reasonably request, a complete list of the BIN numbers that apply to all Visa [debit cards], updated consistent with the current practice of Visa's acquirers." While this text clearly establishes that acquirers must supply BIN data to merchants upon request, the text does not require that they do so at no cost.

Nor does Paragraph 7(e) supply a foundation for plaintiffs' argument that Visa and its members must supply BIN data at no cost. Paragraph 7(e) states in relevant part that "[u]ntil the time that Visa has reached 100 percent compliance with the design requirements ..., merchants that choose not to accept Visa [debit cards] and that use any of the above methods for electronically identifying Visa [debit cards] shall not incur any charges by either Visa or its acquirers for a Visa [debit card] transaction that is declined or rejected because the merchant does not accept Visa [debit cards]." We agree with the district court that this paragraph establishes one point only: namely, that prior to Visa's full compliance with the Settlement Agreement's design requirements for distinguishing between its credit and debit cards,[1] those merchants who choose not to accept Visa debit transactions shall not be charged for rejected Visa debit transactions.

We have considered plaintiffs' remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is AFFIRMED.

---

1. Paragraph 5 of the Settlement Agreement sets standards and a time frame for the issuance of physically distinct debit cards.